

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

Superseded by Opinion No. S-78

JOHN BEN SHEPPERD
ATTORNEY GENERAL

June 1, 1951

Hon. Gordon L. Hollon                   Opinion No. V-1177.
County Attorney
Kendall County                          Re:  Compensation of a county judge
Boerne, Texas                                on a fee basis who is also ex
                                             officio county superintendent.

Dear Sir:

        Your request for an opinion presents the following two
questions:

        1.  Does the law require the compensation received
    by a county judge as ex officio county school superin-
    tendent to be included in the annual report as a portion
    of the maximum fees to be retained by him?

        2.  Is the county judge required to report compen-
    sation received as ex officio county superintendent and
    expenses collected by him for travel?

        Kendall County compensates its county officers on a fee
basis.

        It has been consistently held in prior opinions of this
office that the compensation received as ex officio county superin-
tendent by a county judge compensated on a fee basis must be in-
cluded in computing his maximum compensation, and the county judge
is not entitled to compensation as ex officio county superintendent
over and above his maximum allowed.  The county judge must account
for said ex officio compensation in arriving at his maximum.  Att'y
Gen. Ops. 0-67 (1939), 0-263 (1939), 0-1919 (1940), 0-3026 (1941),
0-5251 (1943), 0-6365 (1945), 0-6749 (1945).

        It has been likewise held that the traveling expense al-
lowed the county judge as ex officio county superintendent should
be shown on his monthly report as required by Article 3899, V.C.S.
Att'y Gen. Op. 0-1277 (1939).

        You are therefore in answer to your first question ad-
vised that the compensation allowed the county judge as ex officio
county superintendent is to be included in computing his maximum
compensation allowed by law.

You are advised in answer to your second question that the county judge must include in his report, as required by Article 3899, the compensation and traveling expense he has received as ex officio county superintendent.

### SUMMARY

Compensation received as ex officio county superintendent by a county judge compensated on a fee basis must be included in computing his maximum compensation, and the county judge is not entitled to compensation as ex officio county superintendent over and above his maximum allowed by law. The county judge must include in his report, as required by Article 3899, the compensation and traveling expense he has received as ex officio county superintendent. Att'y Gen. Ops. 0-67 (1939), 0-263 (1939), 0-1919 (1940), 0-3026 (1941), 0-5251 (1943), 0-6365 (1945), 0-6749 (1945).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mw:pwb

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant